# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEZZIE DUNLAP, | No. 3:19-CV-0658 |
| Plaintiff, | (Judge Brann) |
| v. | |
| WILLIAM NICKLOW, *et al.*, | |
| Defendant. | |

## MEMORANDUM OPINION

### JUNE 2, 2020

Presently before the Court is Plaintiff Tezzie Dunlap's fourth motion for appointment of counsel due to his indigent status, lack of legal training, and limited access to the law library. He believes his "primary evidence is camera footage from the jail and confidential files that [he] will not be able to obtain due to 'security concerns.'" (Doc. 36.) For the reasons that follow, Plaintiff's fourth motion for counsel will again be denied without prejudice.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion to "request an attorney to represent any person unable to afford counsel."[1] The appointment of counsel is a privilege, not a statutory right or constitutional right.[2] When assessing an request

---

[1] 28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019).
[2] *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

for counsel the Court "first determines whether the litigant's case has arguable merit."[3]  If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding to request a lawyer to represent an indigent plaintiff:

    (1)    the plaintiff's ability to present his or her own case;

    (2)    the complexity of the legal issues;

    (3)    the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

    (4)    the plaintiff's ability to retain counsel on his or her own behalf;

    (5)    the extent to which a case is likely to turn on credibility determinations, and;

    (6)    whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155 - 57.  This list of factors is non-exhaustive, nor is a single factor determinative.[4]  Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases."[5]

---

[3] *United States v. Coleman*, 795 F. App'x 90, 91 (3d Cir. 2020) (citing Tabron, 6 F.3d at 155).
[4] *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 458 (3d Cir. 1997)).
[5] *Id*.

Here, it is premature for the Court to determine whether Mr. Dunlap's amended complaint has arguable merit as Defendants have yet to file a response to it. Additionally, given Mr. Dunlap's submissions advocating on his behalf, and the case's nature and relative lack of complexity, appointment of counsel does not appear warranted at this time. As noted in the Court's Memorandum Opinion[6] denying Mr. Dunlap's second and third motions for appointment of counsel, while he anticipates difficulties in discovery matters, he has yet to encounter them. Likewise, the Court is aware of his limited access to the law library but does not find this issue of access, at least at this point in the litigation, a reason to appoint counsel.

Accordingly, Mr. Dunlap's fourth motion for appointment of counsel will be denied without prejudice. Should future proceedings demonstrate the need for counsel, the matter will be reconsidered, either *sua sponte* or upon a properly filed motion.

An appropriate Order follows.

                 BY THE COURT:

                 *s/ Matthew W. Brann*
                 Matthew W. Brann
                 United States District Judge

---

[6] Doc. 26.